**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **BARBARA BEAVERS; MONICA CABLE; LAURA KNIGHT; and PAMELA MILLER** | **APPELLANTS/PLAINTIFFS** |
| **VS** | **CIVIL ACTION NO.: 3:19cv 735-DPJ-FKB** |
| **CITY OF JACKSON, MISSISSIPPI** | **APPELLEE/DEFENDANT** |

**MEMORANDUM IN SUPPORT OF RESPONSE TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

COMES NOW the Defendant, City of Jackson, Mississippi ("Defendant" or "City"), through the undersigned counsel, and files this Response to Plaintiffs' Motion for Attorneys' Fees, filed on February 18, 2020, in response to the Court's Order [13] granting Plaintiffs' Motion to Remand [3] and awarding reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

BACKGROUND

On October 11, 2019, Plaintiffs filed a Notice of Appeal in the Circuit Court for the First Judicial District of Hinds County, Mississippi, appealing an ordinance enacted by the City Council of the City of Jackson. The City timely filed its Notice of Removal [1] on October 16, 2019, removing the case to district court on the basis of federal question jurisdiction. Plaintiffs timely moved to remand on November 14, 2019 (Pls. Remand [3]), submitting a brief in support of their motion (Pls. Mem. [4]), and rebuttal brief (Pls. Rebuttal [10]). In their motion, Plaintiffs argued that attorney fees were warranted because the issues were so elementary that even minimal research would have revealed that jurisdiction did not exist. Pls. Mem. [4] pp. 10-11. On February

12, 2020, this Court issued its Order finding Defendant's removal was not objectively reasonable, granting Plaintiffs' motion to remand, and awarding attorneys' fees and costs to Plaintiffs. Order [13] pp. 8-9, 11. The Court instructed Plaintiffs "to file a motion within one week with an affidavit from counsel supported by billing records documenting the reasonable attorneys' fees and costs they have incurred." Order [13] p. 11. The Court further directed that the Defendant's response "will be filed within the deadlines established by Uniform Local Civil Rule 7(b)." *Id.*

Plaintiffs' filed their Motion for Attorneys' Fees [15] on February 18, 2020, seeking $20,000 in attorneys' fees as compensation for their remand and rebuttal memoranda, and preparation of their fee request. Pls. Mot. [15]. The fees include 85.6 hours on the remand and 12.6 hours on the fee request at an hourly rate of $200 by attorney Aaron R. Rice, "whose practice focuses exclusively on constitutional cases frequently involving matters of first impression" and who "is often invited to make presentations on constitutional litigation at conferences and meetings held around the country." Pls. Mem. [16] pp. 4-5. The remaining fees include 1.8 hours on the removal by attorney Steven J. Griffin. Pls. Mem. [16] at p. 4. In support of their motion, Plaintiffs attached the "Itemized Statement of Hours Spent by Aaron R. Rice," which details some specific activities, such as email exchanges or research into specific collateral issues related to the remand. Pls. Mot. [15.4]. Most of the hours requested, however, are described as "continue researching and drafting" or similar language, for the remand memorandum, rebuttal, and fee request. Pls. Mot. [15.4]. These block descriptions account for 91.0 of the 98.2 hours requested by Mr. Rice.[1]

---

[1] These 91.0 hours represent eleven date entries - four from November 7 – 10, 2019, five from December 5–9, 2019, and two from February 15-16, 2020. Pls. Mot. [15.4].

**STANDARD**

After a court has found removal to be improper and remanded the case, it may require "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c).  In its discretion, a court may award attorney's fees if it finds the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  The court's award under § 1447(c) "is limited to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *McRae Law Firm, PLLC v. Gilmer*, CIV.A. 3:17-CV-0074, 2018 WL 3595219, at *1 (N.D. Miss. July 26, 2018) (quotations omitted), citing *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).  To calculate the attorney fee portion of the award, the Court conducts a two-step analysis.  *Id.*, citing *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017).

First, the court calculates the loadstar by multiplying the number of hours the attorney "reasonably expended" opposing the removal by the "prevailing hourly rate in the market for similar work." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016).  The lodestar calculation excludes "all time that is excessive, duplicative, or inadequately documented." *Id.*  The fee request for an award of attorney fees must include "evidence supporting the hours worked and the rates claimed." *Hensley v. Eckerhart,* 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).  If the "documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*  See also, e.g., *Summit Mach. Tool Mfg. Corp. v. Great Northern Ins. Co*. 883 F.Supp. 1532, 1534 (S.D. Tex. Feb. 24, 1995) (reducing hours when the timesheets were "vague, consisting entirely of phrases such as 'work on motion to remand,' 'research on issue of removability,' and 'prepare brief in support of motion to remand'").  Moreover, to ensure proper billing judgment, the district court "is obligated to scrutinize the billing records carefully and to

3

exclude excessive, duplicative or otherwise unnecessary entries." See, *Brown v. ASEÀ Brown Boveria, Inc.*, No. 3:14-CV-CWR-LRA, 2018 WL 283844 at *2 (S.D. Miss. Jan. 3, 2018), citing *Coleman v. Hous. Indep. Sch. Dist.*, 202 F.3d 264 (5th Cir. 1999); see also, *Hensley v. Eckerhart,* 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (noting that, "just as a lawyer in private practice ethically is obligated to exclude [excessive, redundant, or otherwise unnecessary] hours from his fee submission. . . 'billing judgment' is an important component in fee setting [and] no less important here – [h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*") (quoting *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

When entries include multiple tasks or are otherwise vague, it is "impossible for the court to determine the reasonableness of the hours spent on each task." *ASEÀ Brown Boveria, Inc.*, at *4, citing *Haylock v. Ebanks*, No. 13-432, 2013 WL 5410463, at *6 (E.D. La. Sep. 25, 2013). While "the Supreme Court has indicated that [the] practice is not a basis for refusing to award attorneys' fees," courts often reduce the entries by a specific percentage. *Id.* (citing *Hensley*, supra, 461 U.S. at 437, n.12., and noting that a survey by the court in *Bramlette v. Med. Protective Co.*, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) "revealed that courts have applied percentage reductions, typically in the range of 10 to 30 percent, rather than disallowing fees entirely.")

A lack of billing judgment may also be evidenced by an excessive number of hours requested for the work performed. See *id.* at *5 (applying a 30% reduction[2] for lack of billing judgment when requesting fees for four briefs[3] when "the briefing involved straightforward issues of jurisdiction and sanctions") (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336

---

[2] Overall request of $19,871 was reduced to $8,899.90 after 30% reduction of attorney hours, plus additional reductions such as paralegal work that amounted to clerical tasks, etc. *Id.*

[3] Response to emergency motion, motion for sanctions, motion for leave to file surrebuttal, and rebuttal in support of motion for sanctions. *Id.*

(5th Cir. 1995) (affirming a trial court's reduction of 15% for overstaffing); *Brown v. Ascent Assur., Inc.*, 191 F.Supp.2d 729, 731, 734 (N.D. Miss. 2002) (reducing requested hours by approximately 58%); *Mosley v. Nordquist*, 2016 WL 5794480, at 1 (N.D. Miss. Sept. 30, 2016) (reducing requested hours by approximately 33%); *L & A Contracting Co. v. Byrd Bros., Inc.*, No. 2:07-CV-57(DCB)(JMR), 2010 WL 1223321, at *4 (S.D. Miss. March 24, 2010) (reducing total number of hours requested from 455.1 to 150 hours).

Second, after the court has determined the number of hours "reasonably expended" and the "reasonable rate" to be applied, the court considers whether the resulting "presumptively reasonable" loadstar should be adjusted. See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). See also, *Walker v. U.S. Dep't of Hous. And Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). For example, where a plaintiff achieves only partial success, the loadstar may be excessive, while an exceptional case may warrant an upward enhancement. *Id*. See also, *Valley Citizens' Council*, 478 U.S. at 565, 106 S.Ct. 3088 (although permissible, lodestar enhancements are limited to "rare" and "exceptional" cases as fee-shifting statutes are not designed "to improve the financial lot of attorneys"); *Jimenez v. Wood Cty.*, 621 F.3d 372, 379-380 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011) (upward adjustments limited by *Purdue* in light of "a strong presumption that the lodestar is sufficient").

In considering whether exceptional circumstances warrant adjustment to the loadstar, a court should consider the twelve *Johnson*[4] factors, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services adequately; (4) preclusion of other

---

[4] The Fifth Circuit first articulated the *Johnson* factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

employment by the attorneys because they accepted this case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 & n.25 (5th Cir. 2012).

The *Johnson* factor analysis must not "double count" any criterion in that the court may not adjust the lodestar based on a *Johnson* considered in calculating the lodestar. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

## ARGUMENT

### A. Plaintiff's Requested Loadstar Calculation is Based Upon Excessive Hours

Plaintiffs' attorneys' fee request is excessive with regard to the number of hours claimed by Mr. Rice and thus lacks billing judgment. In support of their argument that compensation in the amount of $20,000, comprised of 98.2 attorney hours, to defend the City's Notice of Removal [1] is reasonable, Plaintiffs rely on *Brown v. Ascent Assur., Inc.*, 191 F.Supp.2d 729 (N.D. Miss. 2002), stating that the court "provid[ed] a 'general benchmark' that 70 to 95 hours of work on remand related issues is reasonable." Pls. Mem. [16] p. 5. However, this characterization applies unintended meaning to the "bench mark" language of *Ascent Assur., Inc.*

The court in *Ascent Assur., In*c. reduced a fee request of $37,978 to $13,741 when the request was based on 225 hours claimed for defending removal in a diversity case involving work by three attorneys, multiple filings, and a protracted period of time.[5] *Id.* at 731, 736. In examining

---

[5] The court summarizes that, "on or about November 15, 2001, the Plaintiff filed his memorandum for attorneys' fees, including an itemization of time spent. Initially, Plaintiff's counsel stated that they spent 143.3 hours on remand related issues and requested $21,359.50. This first itemized statement reflects hours spent by the Plaintiff's counsel from June 26, 2001, when the Plaintiff received the Notice of Removal, through submission of the remand rebuttal, on or around September 6, 2001. On January 15, 2002, Plaintiff filed a Motion to Strike Response to Motion for Award of Fees as Untimely or in the Alternative Rebuttal in Support of Motion for Award of Fees and Supplemental Request for Award of Fees. In this supplemental request, the Plaintiff requested approximately another $16,000 for hours between October 22, 2001 and January 14, 2002. This time, as shown in the itemization, includes such tasks

the fee request, the court noted the Fifth Circuit's emphasis on district courts reducing attorney fee awards when there is a lack of billing judgment, and that district courts should exclude "unproductive, excessive, or redundant hours" from such awards. *Id*. at 733, citing *Walker v. United States Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). Having found a lack of billing judgment, the court looked to district court cases out of Texas, "only for the purpose of providing some kind of general bench mark," when evaluating an appropriate reduction for case before it. *Id*. Accordingly, the district court reduced the fee request hours from 225 to 85, noting the time entries were "general, duplicative, and excessive." *Id*.

In doing so, the district court did not create a bench mark of 70 to 95 hours of work on remand related issues to be assumed reasonable in all remand cases. Rather, the present case is more comparable to other district court cases where the maximum number of hours that could reasonably be expended opposing improper removal "is closer to sixteen." *McRae Law Firm, PLLC v. Gilmer*, *supra*, CIV.A. 3:17-CV-0074, 2018 WL 3595219, at *1 (N.D. Miss. July 26, 2018). The court in *McRae* examined a fee request including 33.3 hours of work by three attorneys, one legal assistant, and one paralegal, almost 18 of which were attorney time. *Id.* The court stated that "[e]ighteen hours to prepare a motion to remand and supporting briefs [struck] the court as unreasonable," [p]articularly so when the theory of removal [was] meritless." *Id*. (citing *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016) and noting that the lodestar calculation excludes "all time that is excessive, duplicative, or inadequately documented.")

The district court in *McRae* also noted the able skill and experience of the attorneys in "handling basic questions of federal jurisdiction" and "declin[ed] to adjust the lodestar amount

---

as negotiations and conversations between defense counsel, letters to defense counsel, as well as time spent working on their Jan. 15 Motion. Plaintiff's counsel states that this supplemental work took 82.14 hours. In all, Plaintiff requests a total of $37,978.42, based upon 225 hours spent.

7

based on the novelty of the issues, the skill and experience of counsel, the quality of the representation, and the results obtained because those factors were "fully reflected in the lodestar amount." *Id*. at 3, citing *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 656 (5th Cir. 2012). Accordingly, the court adjusted the attorney fee award under § 1447(c) from $10,636.80 to $5,145.41 (excluding costs) for the opposition of a removal involving straightforward issues of federal question jurisdiction. The award reflects reasonable hours of 16.1 and reasonable rates (from $250/hour to $300/hour for attorneys ranging in experience from 15 to 30 years) for defending a removal found to be objectively unreasonable.

This case also involves straightforward issues of jurisdiction and sanctions. Order [13] pp. 8-9, 11; Pls. Mem [4] pp. 10-11. Plaintiffs claim that the hours requested are "especially reasonable in light of the fact that Plaintiffs were required to respond to multiple irrelevant doctrines and arguments" is defeated by Plaintiffs' concomitant point that "any §1447(c) award by definition will be made in response to meritless arguments." Pls. Mem. [16] pp. 5-6. See also, *Brown v. Ascent Assur., Inc.*, *supra*, 191 F.Supp.2d at 732 (N.D. Miss. 2002) (noting that plaintiff's assertions regarding the complexity of the issues in support of his fee request, in light of plaintiff's arguments on rebuttal, were "not well taken.") Plaintiffs' counsel's practice focuses exclusively on constitutional cases frequently involving matters of first impression. Pls. Mem. [16] p. 4; see also, Pls. Mot. [15.2]. In fact, he is "often invited to make presentations on constitutional litigation at conferences and meetings held around the country." Pls. Mem. [16] pp. 4-5.

Based on the Affidavit of Samuel L. Begley, attached as Exhibit 1 to Defendant's Response to Motion for Attorneys' Fees, Plaintiffs' fee award, considering the complexity of the issue in controversy, the skill and experience of the attorney, and the nature of the tasks performed, should not include hours in excess of 20-24 for the work performed. Mr. Begley's opinion is consistent with Mississippi district court rulings in similar cases.

### B. Plaintiffs' Itemized Statement Is Insufficiently Detailed

The Itemized Statement of Hours Spent by Aaron R. Rice (Pls. Mot. [15.4]) provides little information regarding the issues researched or cases examined during the 91.0 hours of work he performed for the motion to remand, rebuttal, and fee request. Blanket descriptions such as "continued research and drafting" may suffice when the hours requested for two briefs and a fee request are minimal or clearly in line with the work performed, but the Fifth Circuit requires greater scrutiny than is possible with the information provided. Here, three research/writing tasks account for almost 100 hours of work over the course of eleven days. Without more, it is impossible to determine whether the majority of hours making up Plaintiffs' $20,000 claim were reasonable.

### C. **Johnson Factors Do Not Warrant Upward Deviation**

Plaintiffs do not contend that the *Johnson* factors warrant a deviation from the loadstar in this case. Pls. Mem [16] pp. 8-10. To the extent that Plaintiffs suggest that, because "it is unlikely that future attorneys' fee awards will be available in this case," an "enhancement may be justified" by the Johnson factor regarding the undesirability of the case, Defendant responds that future recovery should no bear on the present matter. To consider the likelihood of future recovery would embrace the proscribed windfall that attorneys' fees should not provide. See, e.g., *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

### CONCLUSION

Defendant requests this Court consider Defendant's response in awarding attorneys' fees to Plaintiff as set forth above.

RESPECTFULLY SUBMITTED, this the 3rd day of March, 2020.

        CITY OF JACKSON, MISSISSIPPI

        By: s/*Paige Wilkins*

        Timothy Howard, MSB # 10687
        City Attorney for the City of Jackson, Mississippi
        J. Paige Wilkins, MSB # 102052
        Deputy City Attorney

OF COUNSEL:

OFFICE OF THE CITY ATTORNEY
LaShundra Jackson-Winters, MSB # 101143
Deputy City Attorney
James Anderson, Jr., MSB # 8425
Deputy City Attorney
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
601-960-1799 (office)
601-960-1756 (facsimile)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that she has this day transmitted via electronic filing and/or U.S. Mail, a true and correct copy of the foregoing to the following:

Zach Wallace
Hinds County Circuit Clerk
403 East Pascagoula Street
Jackson, MS 39201
zwallace@co.hinds.ms.us

Aaron R. Rice
Mississippi Justice Institute
520 George St.
Jackson, MS 39202
Aaron.rice@msjustice.org

Steven J. Griffin
Daniel Coker Horton & Bell, P.A.
4400 Old Canton Road, Suite 400
Jackson, MS 39215
sgriffin@danielcoker.com

So certified, this the 3rd day of March, 2020.

By: s/*Paige Wilkins*_____
Timothy Howard, MSB # 10687
City Attorney for the City of Jackson, Mississippi
J. Paige Wilkins, MSB # 102052

OF COUNSEL:
OFFICE OF THE CITY ATTORNEY
LaShundra Jackson-Winters, MSB # 101143
Deputy City Attorney
James Anderson, Jr., MSB # 8425
Deputy City Attorney
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
601-960-1799 (office)
601-960-1756 (facsimile)