**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division**

|  |  |
|---|---|
| BARBARA BEAVERS; MONICA CABLE; LAURA KNIGHT; and PAMELA MILLER, *Plaintiffs*, vs. CITY OF JACKSON, MISSISSIPPI, *Defendant*. | Civil Action No.: 3:19-cv-00735-DPJ-FKB |

**PLAINTIFFS' REBUTTAL MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR ATTORNEYS' FEES**

COME NOW THE PLAINTIFFS, Barbara Beavers, Monica Cable, Laura Knight, and Pamela Miller, (collectively "Plaintiffs") through their undersigned counsel, and file this Rebuttal Memorandum in Support of their Motion for Attorneys' Fees.

**INTRODUCTION**

The only issue disputed by the parties is the reasonableness of the number of attorney hours Plaintiffs request reimbursement for in this removal litigation.[1]  Plaintiffs reasonably could have requested reimbursement of over $40,000 in attorneys' fees.  (134.6 hours at a rate of $300 per hour would total $40,380).  Instead, in an effort to make a conservative request, Plaintiffs cut that number in half and requested only $20,000 in fees.  (100 hours at a rate of $200 per hour).

Not satisfied with Plaintiffs' write-off of over 25% of their counsel's actual expended time and over 50% of the reasonable value of that time, or with Plaintiffs' decision to forgo a potential lodestar enhancement, Defendant argues that the number of hours Plaintiffs request reimbursement

---

[1] "When [a requested hourly] rate is not contested, it is *prima facie* reasonable." *Islamic Ctr. of Miss., Inc. v. City of Starkville,* 876 F.2d 465, 469 (5th Cir. 1989).

for is excessive and that the itemized statement of Plaintiffs' counsel's work is insufficiently detailed.  Def.s Response Memorandum Opposing Fees [19].  Defendant suggests that Plaintiffs' counsel should have expended only 20 to 24 hours of time on the research and drafting of remand and fee related pleadings, including motions, briefs, and affidavits that totaled 59 pages,[2] and should have provided more "information regarding the issues researched or cases examined" in his billing records.  *Id*. at 8-9.  Defendant does not attempt to explain how the briefing in this case could have been performed so quickly, or how more information about the issues researched or cases examined would aid the Court's review.

## STANDARD

When determining the hours reasonably expended, "[c]harges for excessive, duplicative, or inadequately documented work must be excluded.'" *Jackson Women's Health Org. v. Currier*, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550, at *8 (S.D. Miss. Feb. 1, 2019) (citing *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011)).  "Additionally, the Court must consider whether the attorney 'exercised billing judgment,' which is shown by the attorney writing off hours that are 'unproductive, excessive, or redundant.'" *Id*.  (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)).  But "the Court should not act as [a] 'green-eyeshade accountant[ ]', as '[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.'"  *Id.* (citing *Idom v. Natchez-Adams Sch. Dist.*, No. 5:14-CV-38-DCB-MTP, 2016 WL 320954, at *3 (S.D. Miss. Jan. 25, 2016)) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

"The party seeking fees must provide proof 'sufficient for the court to verify that the applicant has met its burden of establishing an entitlement to a specific award.'"  *Id.*  (citing

---

[2] This page count does not include the four-page professional profile attached as Exhibit "A" to the Affidavit of Michael T. Dawkins [15-1], since Plaintiffs' counsel did not have to draft that profile.

*Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010)). "Certain billing practices undermine that proof. For example, '[t]he ability to assess the reasonableness of a fee request is greatly undermined by the practice of billing multiple discrete tasks under a single time designation—so-called 'block-billing.''" *Id.* (citing *DeLeon v. Abbott*, 687 F. App'x 340, 346 n.4 (5th Cir. 2017)). "The same is true for vague time entries." *Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)).

"Insufficient record keeping is not a *per se* bar to recovery." *Id.* (*Gagnon*, 607 F.3d at 1044). "But litigants 'take their chances' when the record keeping makes it difficult for the Court to conduct its review. *Id.* (citing *DeLeon*, 687 F. App'x at 346 n.4; *Kellstrom*, 50 F.3d at 327). "To compensate for block-billing, courts most often reduce the block-billed entries by a specific percentage." *Id.* (quoting *Brown v. ASEÀ Brown Boveria, Inc.*, No. 3:14-CV-37-CWR-LRA, 2018 WL 283844, at *4 (S.D. Miss. Jan. 3, 2018). "It is not uncommon for courts to reduce block entries by 10 to 30 percent." *Id.* (citing *ASEÀ Brown Boveria, Inc.*, 2018 WL 283844, at *4; and *Bramlett v. Med. Protective Co.*, No. 3:09-CV-1596-D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (collecting cases)).

## ARGUMENT

### I. The Hours Requested Are Reasonable.

#### A. Defendant's attempt to distinguish *Brown v. Ascent Assur., Inc.* are unpersuasive and its reliance on *McRae Law Firm, PLLC* is misplaced.

In an attempt to paint Plaintiff's counsel's requested hours as excessive, Defendant tries to distinguish *Brown v. Ascent Assur., Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002), which relied on a "general bench mark" of 70 to 95 hours of attorney work as a reasonable amount for remand-related litigation, after surveying the opinions of several district courts in the Fifth Circuit. Defendant argues that Plaintiffs apply "unintended meaning to the 'bench mark' language" of that

3

case. Def.s Response Memorandum [19] at 6-7.  However, Defendant does not cite any authority to support this claim, or explain how Plaintiffs' direct quote of the case is a mischaracterization. *Id*.  Rather, Defendant simply points out that the court in *Ascent Assur., Inc.* surveyed several district court cases "'only for the purpose of providing some kind of general bench mark'" for the appropriate number of hours to reimburse in the case before it.  *Id*. at 7.  This is exactly how Plaintiffs characterized the decision in *Ascent Assur., Inc.*  Defendant also argues that "the district court [in *Ascent Assur., Inc.*] did not create a bench mark of 70 to 95 hours of work on remand related issues to be assumed reasonable in all cases."  *Id.*  Again, Defendant cites no authority to support this proposition.  More importantly, Plaintiffs have never claimed that the *Ascent Assur., Inc.* "bench mark" must be assumed reasonable in all cases.  Rather, Plaintiffs have rightly pointed out that the *Ascent Assur., Inc.* court, after surveying district court cases, relied on a "general bench mark" of 70 to 95 hours as reasonable amount of time to expended on litigation related to remand and fee requests.  This Court, if it so chooses, may safely use that same general bench mark in this case.

Next, Defendant argues that this case is "more comparable" to the facts of *McRae Law Firm, PLLC v. Gilmer*, No. 3:17-CV-704-DCB-LRA, 2018 WL 3595219, at *2 (S.D. Miss. July 26, 2018) ("*McRae II*"), in which Judge Bramlette found that "[t]he maximum number of hours the [plaintiff's] attorneys could reasonably have expended opposing [defendant's] removal is closer to sixteen."  Defendant provides no explanation for why this case is "more comparable" to the facts of *McRae Law Firm*.  Defendant also cites no authority to support this proposition.

Similarly, the court in *McRae II* provided little explanation of its decision regarding the reasonable hours expended in that case.  The entirety of the court's analysis regarding the reasonableness of the hours expended is as follows:

> Eighteen attorney hours to prepare a motion to remand and supporting brief strikes the Court as unreasonable. Particularly so when the theory of removal is meritless, as Gilmer's was here. *See Combs*, 829 F.3d at 392 (The lodestar calculation excludes "all time that is excessive, duplicative, or inadequately documented."). The maximum number of hours the McRae Firm's attorneys could reasonably have expended opposing Gilmer's removal is closer to sixteen.

*McRae II,* 2018 WL 3595219 at *1–2.  In contrast, the court in *Ascent Assur., Inc.* surveyed other district courts before determining the reasonableness of the hours expended, and provided a thorough analysis of its decision to rely on a "general bench mark" of 70 to 95 hours for remand and fee related litigation.  191 F. Supp. 2d at 733.

In truth, the facts of this remand-related litigation are not at all similar to those of *McRae II*.  In that case, the defendant removed the case for the third time, arguing that a split claim complaint filed in federal court was an "other paper" upon which the court could base jurisdiction. *McRae Law Firm, PLLC v. Gilmer*, No. 3:17-CV-704-DCB-LRA, 2018 WL 283774, at *1 (S.D. Miss. Jan. 3, 2018) ("*McRae I*").  The McRae Law Firm, in seeking remand, drafted one motion and brief that totaled 16 pages.  *See* McRae's Motion to Remand (Exhibit 1) consisting of 5 pages, and McRae's Opening Memorandum (Exhibit 2) consisting of 11 pages.  The McRae Law Firm did not file a rebuttal memorandum.  It also did not seek reimbursement for its briefing on its fee request. *McRae II*, 2018 WL 3595219 at *1.  Additionally, the majority of the work was performed by former Mississippi Supreme Court Justice, Chuck McRae.  *Id*. at *2.  Moreover, Plaintiff's counsel in *McRae II* did not utilize itemized billing records, a fact that complicated the court's analysis.  *Id*. at *1, n.1.

In this case, Plaintiffs have drafted motions, briefs, and affidavits that totaled 59 pages.[3] *See* Pls. Motion for Remand [3] (2 pages); Pls. Memorandum in Support of Motion for Remand

---

[3] Again, this page count does not include the four-page professional profile attached as Exhibit "A" to the Affidavit of Michael T. Dawkins [15-1], since Plaintiffs' counsel did not have to draft that profile.

5

[4] (12 pages); Pls. Rebuttal Memorandum in Support of Motion for Remand [10] (18 pages); Pls. Motion for Attorneys' Fees and accompanying Exhibits [15] (20 pages); and Pls. Memorandum in Support of Motion for Attorneys' Fees [16] (11 pages). Moreover, the McRae Law Firm's lone brief totaled 3,277 words. *See* McRae's Opening Brief (Exhibit 2). In contrast, Plaintiffs' three existing briefs (excluding this rebuttal) totaled 12,818 words. *See* Pls. Memorandum in Support of Motion for Remand [4] (3,864 words); Pls. Rebuttal Memorandum in Support of Motion for Remand [10] (5,849 words); Pls. Motion for Attorneys' Fees [15] (3,105 words).

Plaintiffs have also submitted itemized billing records of the time spent by their counsel. *See* Itemized Statement of Hours Spent By Aaron R. Rice [15-4] and Itemized Statement of Hours Spent by Steven J. Griffin [15-5]. These records were kept, despite the fact that they are not always essential to the court's analysis of fees, and the fact that Mr. Rice does not typically bill clients by the hour. *See Harkless v. Sweeny Indep. Sch. Dist.*, Sweeny, Tex., 608 F.2d 594, 597 (5th Cir. 1979) ("While it is by far the better practice for attorneys to keep time sheets, such documentation is not always essential. Here the representation was not rendered by a law firm primarily engaged in providing services to paying clients, but by a group of lawyers motivated by their conception of the public interest, who make it a practice not to accept compensation from their clients.").

### B. Plaintiffs were required to respond to multiple irrelevant doctrines and arguments.

As noted in Plaintiffs' rebuttal memorandum concerning remand, Plaintiffs' counsel was forced to respond to multiple irrelevant doctrines and arguments in this litigation. Pls. Rebuttal [10] at 17. Defendants argued that removal was proper pursuant to several arguments and doctrines, including:

- A federal issue was apparent "on the face of the pleading" because:
    - The Notice of Appeal made a reference to the First Amendment. Def.s

6

> Notice of Removal [1] ¶ 2.

- o The Notice of Appeal referred to the fact that the Mississippi Constitution makes free speech worthy of "religious veneration." *Id*. at ¶3.

- o The Notice of Appeal implicated the Supremacy Clause, because:

    - Plaintiffs supposedly alleged that their state constitutional rights "supersede[d]" the federal constitutional rights of others. Def.s Resp. [9] at 10.

    - The FACE Act codified the right to freely access abortion facilities. *Id.* at 11.

- The "artful pleading" exception to the well-pleaded complaint rule applied because:

    - o The Notice of Appeal made a reference to the First Amendment. Def.'s Resp. [9] at 6.

    - o Plaintiffs' claims were similar to claims involved in "controversial and evolving federal jurisprudence." Def.'s Resp. [9] at 7.

    - o Plaintiffs' claims supposedly asserted one individual's state constitutional rights over another's federal constitutional rights. *Id.*

    - o Plaintiffs' claims, inherently, and on the face of the pleading, raised questions under the Supremacy Clause. *Id.*

- The "substantial federal issue" doctrine applied because:

    - o The state constitutional rights asserted by Plaintiffs were "inextricable entwined" with comparable federal constitutional rights. *Id*. at 6.

    - o The Notice of Appeal made a reference to the First Amendment. *Id*. at 6.

    - o The purported federal interest was substantial because similar cases have "historically" been litigated in federal courts. *Id*. at 8-9.

    - o The challenged ordinance was "founded on federal constitutional principles." *Id*. at 9.

    - o An exercise of jurisdiction would not "open the floodgates of litigation that might overwhelm federal courts." *Id*. at 10.

All of these arguments, while meritless, required rebuttal by Plaintiffs. Moreover, Defendant "never fully flesh[ed] out" its argument concerning the Supremacy Clause. Pls. Rebuttal Memorandum [10] at 6. Accordingly, Plaintiffs were required to explain even "axiomatic and elementary aspect[s] of American constitutional law" in an attempt to negate every conceivable basis for Defendant's vague and misplaced argument. Pls. Opening Memorandum [10] at 10. In order to rebut this vague claim, Plaintiffs were compelled even to explain that state courts are free to interpret state constitutional provisions to accord greater protection to individual rights than do similar provisions of the United States Constitution and that doing do does not require a Supremacy Clause analysis. Pls. Memorandum in Support of Motion for Remand [4] at 6-9. Plaintiffs also had to explain several unspoken and mistaken assumptions underpinning many of Defendant's arguments. *See e.g.* Pls. Rebuttal Memorandum in Support of Motion for Remand [10] at 6-7, 13. (Discussing that Defendant "appear[ed] to believe" that there was a "federally created individual right to avoid unwelcome expression on public streets and sidewalks near abortion centers," and explaining that no such right exists.). Responding to these numerous and often vague arguments easily justifies the request for reimbursement of 85.6 of the 106.4 hours spent by Mr. Rice briefing these issues. *See* Affidavit of Aaron R. Rice [15-2] ¶ 18.

### C. Defendant offers no substantive explanation for its argument that Plaintiffs' counsel's time expended was excessive.

Defendant also offers no explanation for its argument that Plaintiffs' counsel's expended hours were excessive. Rather, Defendant simply points to the fact that the affidavit it has proffered from attorney Samuel Begley states that the award in this case should not include hours in excess of 20-24 hours. Def.s Response Memorandum [19] at 8. Mr. Begley's affidavit, in turn, also fails to provide any substantive explanation for its assessment that Plaintiffs' counsel's time was excessive. The affidavit merely states, in relevant part: "For litigation that is in its earliest stage,

8

not overly complex or involving multiple parties, and involving a motion for remand and associated briefing, it is my opinion that reasonable amount of time expended would be no more that 20 – 24 hours, including time to prepare a fee request." *See* Affidavit of Samuel L. Begley [18-1] at ¶ 13. Such a generic and subjective claim is insufficient to overcome the survey of awards conducted by *Ascent Assur., Inc.*, 191 F. Supp. 2d at 733, and the substantial evidence submitted by Plaintiffs regarding the time expended on this matter and the exercise of billing judgment engaged in by their counsel.

Notably, Mr. Begley's affidavit states that he reviewed Plaintiffs' Motion for Attorneys' Fees, but does not even claim that he has reviewed the underlying remand-related briefing in this case. *Id.* at ¶ 10. Thus, no consideration appears to have been given by the affiant to the thoroughness of research or clarity of argument in the briefs presented to this Court by Plaintiffs' counsel. Additionally, Defendant's counsel submitted no evidence of the amount of time they spent researching and drafting their own motions and opposition briefs in this litigation, in order to allow any comparisons between the amount of time expended by Defendant and Plaintiffs on similar legal issues.

### D. Plaintiffs' counsel exercised billing judgment and requested a modest rate.

Plaintiffs' counsel has already exercised billing judgment, and thus no reduction is warranted on that basis. Additionally, even if Defendant's complaints about the number of hours expended by Mr. Rice in light of his skill and experience were warranted, those complaints would be more than adequately accommodated for by the modest hourly rate requested for Mr. Rice, and Plaintiffs' decision to forgo a potentially justified lodestar enhancement.

In their Motion for Attorneys' Fees, Plaintiffs established that, at the time of their initial request, their counsel had expended 134.6 hours of attorney work on this removal litigation (108.2

9

hours on remand-related work and 26.4 hours on fee-request related work). Affidavit of Aaron Rice [15-2] at ¶¶ 18-19; Affidavit of Steven J. Griffin [15-3] at ¶12. Plaintiffs submitted an affidavit from an experienced local attorney, which stated, among other things, that the amount of time spent by Plaintiffs' counsel on this removal litigation was reasonable. Affidavit of Michael T. Dawkins [15-1] at ¶11. Plaintiffs also established that Mr. Rice – who performed almost all of Plaintiffs' removal-related work – has been practicing for almost 9 years and had a standard hourly rate of $270 per hour in 2018. Affidavit of Aaron Rice [15-2] at ¶ 10. In 2020, Plaintiffs could reasonably have requested a rate of $300 per hour.[4] *See e.g. Mosley v. Nordquist*, No. 3:13-CV-161-LG-JCG, 2016 WL 5794480, at *7 (S.D. Miss. Sept. 30, 2016) (holding that rate for an "of counsel" attorney practicing for 9 years in the Northern Division of the Southern District of Mississippi was $275 in 2016) (citations omitted).

If Plaintiffs had requested this rate for the full amount of their counsel's expended time, their request would have totaled over $40,000. (134.6 hours at a rate of $300 per hour would total $40,380). However, in an effort to make a conservative request, and based on their counsel's exercise of "billing judgment" to exclude any potentially unproductive, excessive, or redundant hours, Plaintiffs cut that amount in half. Plaintiffs requested to be reimbursed for only $20,000, assuming a rebuttal memorandum was not made necessary (100 of the 134.6 hours expended (87.4 for remand-related work and 12.6 for fee-request related work) at a conservative rate of $200 per hour). Pls. Motion for Attorneys' Fees [15] at ¶1; Affidavit of Aaron R. Rice [15-2] at ¶¶ 15; 18; 19. Plaintiffs asserted that it would have been reasonable for them to request a higher rate than the $200 rate they applied. Affidavit of Aaron Rice [15-2] at ¶ 23; Affidavit of Steven J. Griffin [15-3] at ¶ 16. *See also* Affidavit of Michael T. Dawkins [15-1] at ¶¶ 9, 11 (stating that a

---

[4] Mr. Rice does not currently charge clients by the hour, and thus does not have a standard hourly rate in 2020.

10

reasonable hourly rate is up to $500 for partners, up to $300 for associates, and up to $200 for paralegals, and that Plaintiffs' requested rate of $200 per hour was conservative). Plaintiffs also declined to request an upward adjustment of the lodestar based on the *Johnson* factors, despite the fact that some of those factors might justify an enhancement. Pls. Motion for Attorneys' Fees [15] at ¶ 5.

## II.    The Itemized Statement is Sufficiently Detailed.

Defendant offers no support for its argument that Plaintiffs' itemized billing record is insufficiently detailed. In fact, Defendant's entire argument on this point consists of four sentences and cites to no authority. Def.s Response Memorandum Opposing Fees [19] at 9. In fact, the Itemized Statement of Hours Spent by Aaron R. Rice provides specific, itemized time entries, and is more than sufficient for the Court's fee analysis, particularly in light of the fact that all of the requested time relates to briefing on only two motions: the motion to remand and the motion for fees.

### A. The Court has sufficient detail to conduct its review.

Plaintiffs argue that Mr. Rice's itemized billing record "provides little information regarding the issues researched or issues examined. . . ." *Id.* However, the itemized billing record actually provides specific, detailed time entries correlating to every task performed by Mr. Rice. *See* Itemized Statement of Hours Spent By Aaron R. Rice [15-4]. Each entry identifies exactly which motion, memorandum, or exhibit was being worked on, exactly what work was performed, and exactly how much time was expended on the task. *Id.* This provides sufficient detail for the Court's analysis. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended[,] [b]ut at least counsel should identify the general subject matter of his time expenditures.").

Defendant does not explain how additional detail would aid the Court's review. Certainly, if the Court were reviewing billing records that spanned the entirety of a case involving protracted litigation, it might be helpful for the Court to have information about the issues researched in order to know how that research fit into the overall litigation. But here, this litigation has involved only two motions: a motion to remand and a motion for attorney's fees. The Court already knows exactly what arguments were being researched: they are contained in the briefing on these two motions and are readily available to the Court. The Court's familiarity with these recently filed briefs, and their quality, allows the Court an ample basis upon which to determine whether the time was reasonable in the context of the work performed. *See e.g. Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) ("given the district court's familiarity with this case, including the quality of the attorneys' work over a period of several years, we cannot say that the district court clearly erred in refusing to reduce the hours in question for vagueness."). Moreover, the Fifth Circuit has been "mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour." *Id.* at 327.

### B. Mr. Rice's time is not block-billed.

Defendant appears to argue that that Mr. Rice's time has been "block-billed." *See* Def.s Response Memorandum Opposing Fees [19] at 2 (referring to Mr. Rice's time entries as "block descriptions."). However, none of Mr. Rice's time has been block-billed. While many entries may correspond to several hours of work, that simply reflects the fact that those tasks were performed in sessions of several hours over a period of only a few days. Conducting the same tasks in shorter sessions over a period of more days would actually be *less* efficient, and lead to *more* time being expended on the litigation. Common experience dictates that switching tasks

frequently results in decreased productivity.

Additionally, while several of Mr. Rice's entries document time spent on both research and drafting of Plaintiffs' briefs, this also does not constitute block-billing, at least not to a degree that would interfere with the Court's analysis. While billing software often includes separate task codes for "research" and "drafting," this distinction is largely outdated. Separation of these tasks might have made more sense when research was conducted using books in a library and drafting was done separately at a typewriter or computer. However, today, attorneys conduct their research online, on the same computer which they use to draft their briefs, and typically utilize dual computer monitors. This allows attorneys to research *while* they draft briefs, a practice that is widespread (if not universal) and is certainly more efficient than conducting research and drafting in distinct, separate work sessions. Because these two tasks are usually conducted simultaneously, any attempt to itemize them separately on a billing statement typically contains more guesswork on the attorney's part than a true reflection of the exact amount of time spent researching versus drafting a brief.

A more apt example of "block-billing" that would actually interfere with the Court's analysis is illustrated in *Jackson Women's Health Org.* 2019 WL 418550 at *9. There, this Court reduced time entries for block-billing, including an entry in which the attorney "block billed 13 hours for 14 separate tasks." *Id*. Here, Mr. Rice separately designated each distinct task performed, with the arguable exception of research and drafting, which, as explained above, is a nebulous distinction to begin with. This, combined with the fact that these time entries relate to briefing on only two motions which are already familiar to the Court, makes Defendant's arguments unpersuasive.

### C. This is not a civil rights award.

Defendant ignores the fact that the case law concerning "block-billing" arises in the context of fee awards in civil rights cases under § 1988, not fee awards for improper removal pursuant to § 1443(c). *See e.g. Jackson Women's Health Org.* 2019 WL 418550 at *9.

In the civil rights context, identifying the exact issues researched is important to the court's fee analysis, since a prevailing party can only be compensated for time spent litigating successful claims. Thus, in the same lawsuit, some research might be compensable because it was related to a successful claim while other research might be not be compensable because it was related to an unsuccessful claim. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'") (quoting *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444, at 5049 (CD Cal.1974)).

In the improper-removal context, the exact nature of the issues researched is not critical to the Court's fee analysis. The court does not have to identify compensable research and non-compensable research. Rather the court simply needs to determine whether the amount of time expended was reasonable in light of the work performed. Mr. Rice's itemized billing record, along with the motions, briefing, and affidavits submitted to the Court, are more than sufficient to allow the Court to conduct that analysis.

### III.   The Court Should Award Additional Fees For Time Spent on Rebuttal.

In their opening brief and memorandum, Plaintiffs made clear that they would request compensation for additional attorney time if a rebuttal memorandum was made necessary for this fee request. *See* Pls. Motion for Attorneys' Fees [15] at ¶ 1 and Pls. Memorandum in Support of Motion for Attorneys' Fees [16] at 4. Given that Plaintiffs wrote off over 25% of their counsel's actual expended time and over 50% of the reasonable value of that time, and also decided to forgo

a potential lodestar enhancement, a rebuttal memorandum should not have been necessary to support this fee request. Accordingly, Plaintiffs request the Court award them the following fees, assuming no additional matters arise in connection with this motion:

| **ORIGINAL REQUEST** | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **HOURLY RATE** | **HOURS ON REMOVAL** | **HOURS ON FEE REQUEST** | **TOTAL HOURS** | **FEES** |
| Aaron R. Rice | $200 | 85.6 | 12.6 | 98.2 | $19,640 |
| Steven J. Griffin | $200 | 1.8 | 0 | 1.8 | $360 |
| TOTAL | | 87.4 | 12.6 | 100 | **$20,000** |

| **SUPPLEMENTAL REQUEST** | | | | |
|---|---|---|---|---|
| **Attorney** | **HOURLY RATE** | **HOURS ON FEE REQUEST REBUTTAL MEMORANDUM** | **TOTAL HOURS** | **FEES** |
| Aaron R. Rice | $200 | 10 | 10 | $2,000 |
| TOTAL | | 10 | 10 | **$2,000** |

| **TOTAL REQUEST** | | | |
|---|---|---|---|
| **Request** | **HOURLY RATE** | **TOTAL HOURS** | **FEES** |
| Original | $200 | 100 | **$20,000** |
| Supplemental | $200 | 10 | **$2,000** |
| TOTAL | | 110 | **$22,000** |

In support of their supplemental fee request, Plaintiffs have attached a Supplemental Affidavit of Aaron R. Rice (Exhibit 3) and a Supplemental Itemized Statement of Hours Spent by Aaron R. Rice (Exhibit 4). Plaintiff's supplemental hours have been reduced from 20.6 hours to 10 hours, after the exercise of billing judgment. *Id*.

15

## CONCLUSION

Plaintiffs respectfully request that this Court award them $22,000.00 in fees, as detailed in their motion, opening memorandum, rebuttal memorandum, and related exhibits. Plaintiffs further request any additional relief which the Court may deem just and proper.

RESPECTFULLY SUBMITTED, this the 10th day of March, 2020.

      /s/ *Aaron R. Rice*
Aaron R. Rice
MS Bar No. 103892
MISSISSIPPI JUSTICE INSTITUTE
520 George St.
Jackson, MS 39202
Tel: (601) 969-1300
Email: aaron.rice@msjustice.org

Steven J. Griffin
DANIEL COKER HORTON & BELL, P.A.
MS Bar No. 103218
4400 Old Canton Road, Suite 400
Jackson, MS 39215
Tel: (601) 914-5252
Fax: (601) 969-1116
Email: sgriffin@danielcoker.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Aaron R. Rice, counsel for Plaintiffs, hereby certify that the foregoing document has been filed using the Court's ECF filing system and thereby served on all counsel of record who have entered their appearance in this action to date.

This the 10th day of March, 2020.

      /s/ *Aaron R. Rice*
Aaron R. Rice