UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA BEAVERS, ET AL                                                                PLAINTIFFS

V.                                                           CIVIL ACTION NO. 3:19-CV-735-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI                                                           DEFENDANT

ORDER

This case has been remanded to state court, but the Court retained jurisdiction to determine attorneys' fees and costs under 28 U.S.C. § 1447(c).  Plaintiffs seek $22,000.00 in fees.  For the following reasons, the Court awards $17,600.

I.  Background

On February 12, 2020, the Court granted Plaintiffs Barbara Beavers, Monica Cable, Laura Knight, and Pamela Miller's motion for remand and held that they were entitled to attorneys' fees incurred because the City of Jackson ("the City") lacked "an objectively reasonable basis for removing the action."  Order [13] at 11.  Plaintiffs initially sought 100 billable hours at an hourly rate of $200 for briefing the remand issues and filing the initial fee request.  *See* Pls.' Mot. [15] at 1; *see also* Billable Hours Log [15-4] at 1.  The City accepted the hourly rate but argued in response that the time was excessive and insufficiently documented.  Def.'s Resp. [19] at 6, 9.  Plaintiffs replied and added another 10 billable hours doing so, bringing the total to 110 hours.

II.  Standard

The lodestar method guides the Court's attorneys' fee calculations.  Under this approach, "the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers."  *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d

319, 324 (5th Cir. 1995)). When calculating the appropriate hours, "the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432–34 (1983)).

Plaintiffs seeking attorneys' fees must show the reasonableness of the hours billed and that they exercised billing judgment. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnote omitted). This "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id.* Failure to exercise billing judgment, however, does not preclude recovery; instead, a reduction of the amount awarded may be appropriate. *Id.*

"Certain billing practices undermine" the Court's ability to determine whether plaintiffs have met this burden. *Jackson Women's Health Org. v. Currier*, No. 3:12-CV-436-DPJ-FKB, 2019 WL 418550, at *8 (S.D. Miss. Feb. 1, 2019). For example, "[t]he ability to assess the reasonableness of a fee request is greatly undermined by the practice of billing multiple discrete tasks under a single time designation—so-called 'block-billing.'" *DeLeon v. Abbott*, 687 F. App'x 340, 346 n.4 (5th Cir. 2017). The same is true for vague entries. *See Kellstrom*, 50 F.3d at 324. "To compensate for block-billing, courts most often reduce the block-billed entries by a specific percentage." *Brown v. ASEÀ Brown Boveria, Inc.*, No. 3:14-CV-37-CWR-LRA, 2018 WL 283844, at *4 (S.D. Miss. Jan. 3, 2018) (reducing time for block entries by 30%). "[I]t is not uncommon for courts to reduce block entries by 10 to 30 percent." *Jackson Women's Health*, 2019 WL 418550, at *8 (citing *Brown*, 2018 WL 283844, at *4).

After calculating the lodestar amount, which is presumptively reasonable, the Court may increase or decrease that amount based on the twelve factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Those factors would not alter the fee request in this case, and neither party suggests that they would.

III.   Analysis

The City says Plaintiffs engaged in impermissible block billing and generally billed too many hours. Def.'s Resp. [19] at 6. Starting with the hours billed, both parties offer affidavits from practicing attorneys to support their positions. Those affidavits offset. So too, the Court is not persuaded by the anecdotal cases each side offers to show what it should reasonably cost to seek remand.

Turning to the facts here, the Court's own experience indicates that the billing was excessive. As an initial point, the City raised several arguments that Plaintiffs were required to research and address, some of which lacked any legal support. While there were easy and quick answers to some of the City's points, it sometimes takes a little longer to research "creative" arguments offered without supporting authority. That said, the Court conducted its own research on every issue the City raised and has a general sense for how long it should have reasonably taken. Billing 85.6 hours on the remand issues and 22.6 hours on the fee-related briefing seems unreasonably excessive even after counsel exercised billing judgment and wrote off additional time.

Perhaps there was an explanation for the time spent, but it is not apparent from the billing records because counsel used vague, block billing for most hours billed. For example, counsel billed 25.2 hours from November 10 through November 13, 2019, for "[c]ontinue researching and drafting memorandum in support of motion to remand." Billing Log [15-4] at 1. Similarly, counsel seeks 38.2 hours from December 6 through December 10, 2019, under the description

3

"[c]ontinue researching and drafting rebuttal memorandum in support of motion to remand." *Id.* Other entries were similarly vague, including those related to the fee request.

Plaintiffs push back, saying they did not engage in block-billing, they just worked really long hours on those days. *See* Reply [20] at 13. As a result, they believe their billing practices would not "interfere with the Court's analysis." *Id.* Not so. For example, the billing entries fail to explain how much time the attorney spent researching the various issues, some of which should have required very little effort. This Court has repeatedly warned counsel against such billing practices, because absent more precise records, "it [is] impossible for the court to determine the reasonableness of the hours spent on each task." *Brown*, 2018 WL 283844, at *4 (citing *Haylock v. Ebanks*, No. 13-432, 2013 WL 5410463, at *6 (E.D. La. Sep. 25, 2013)); *see also Brown v. Ascent Assur. Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (reducing plaintiff's billed hours by 40 percent for block billing where entries included: "continued drafting Petition to Remand," "continued drafting remand rebuttal," and "draft reply to Motion for Fee Award").

Looking then to the hours billed, Plaintiffs seek fees for 110 billable hours—87.4 hours on the removal motions, 12.6 hours on the attorneys' fees request, and 10 hours for the attorneys' fees rebuttal. Because the hours seem unreasonably excessive and the billing records fail to show the time spent on each task, the Court reduces Plaintiffs' recoverable hours by 20 percent. Plaintiffs may recover for 88 hours at $200 per hour for a total award of $17,600. This reduction would have been higher but for the time counsel already wrote off and the Court's general sense about the time these issues should have taken.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. Plaintiffs are therefore awarded $17,600 in attorneys' fees.

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE